GUSTAVUS HENDRICK, plaintiff in error, vs. JESSE T. GUNN, surviving copartner, defendant in error.

L. & G. entered into the following articles: "It is agreed between the parties Cornelius Lummus have the right to use the name of each other as a firm name; and I, the said Jesse T. Gunn, do grant that C. Lummus have the right to go to any of the wholesale markets and purchase goods, and sell the same at the house and place known as Worthville; and I, Jesse T. Gunn, do this for the benefit of C. Lummus, not claiming any of the profits arising from the sale of any goods or articles sold at the above named place. And all money furnished to enable the said firm, Lummus & Gunn, to each other, shall be held at the rate of seven per cent."

*Held*, that this agreement constitutes L. & G. partners.

Certiorari.   In Butts Superior Court.   Decided by Judge SPEER.   At Chambers.   October, 1866.

The question made by this certiorari was, whether the following instrument created a partnership between the parties thereto, under the firm name of Lummus & Gunn, so as to enable Gunn, after the death of Lummus, to sue for debts as surviving copartner.   It was admitted that they held themselves out to the world as partners, and did a mercantile business in the firm name of Lummus & Gunn.

"Georgia, 
  Butts county, }

"Articles of agreement between Cornelius "Lummus, of said county, and Jesse T. Gunn, of said "county, this, the 16th of November, 1859.   It is agreed "between the parties Cornelius Lummus have the right "to use the name of each other as a firm name; and I, the "said Jesse T. Gunn, do grant that C. Lummus have the "right to go to any of the wholesale markets and purchase "goods and sell the same at the house and place known as "Worthville; and I, Jesse T. Gunn, do this for the benefit of "C. Lummus, not claiming any of the profits arising from "the sale of any goods or articles sold at the above named "place; and all money furnished to enable the said firm, "Lummus & Gunn, to each other, shall be held at the rate "of seven per cent.   Signed in the presence of each other, "and the above to exist for the term of two years.

C. LUMMUS,
JESSE T. GUNN.

Test: J. W. SWANN."

Hendrick vs. Gunn.

The suit carried up by certiorari was brought in the County Court by the defendant in error, as surviving co-partner, against the plaintiff in error, on an account in favor of Lummus & Gunn.

The County Court having awarded a non-suit, on the ground that there was no partnership, the Superior Court, on hearing the certiorari, reversed that judgment; and this reversal is now complained of as error.

DOYAL & NUNNALLY, for plaintiff in error.

HALL & THURMAN, for defendant.

LUMPKIN, C. J.

This case all turns upon the construction of the articles of partnership drawn up between Lummus and Gunn. Does this constitute them partners? If so, of course Gunn, as survivor, has the right to collect the assets and to discharge the liabilities of the concern.

We answer, they traded by agreement under the firm name of Lummus & Gunn, thus holding themselves out to the world as partners. Lummus was authorized to purchase a stock of goods in the firm name in any wholesale market, and dispose of them at retail at Worthville. Each is to be paid interest on cash advanced to the firm; and, in fact, we do not see room to doubt the character of this contract. It has not all, to be sure, but most of the elements that enter into every contract of this kind. Gunn is not to participate in the profits, but he is liable for the losses.

We cannot do otherwise than affirm the judgment of the Court below.

Judgment affirmed.